**Jonathan B. Mason, Esq.**
**Mason Law Group, P.C.**
**1100 Peachtree Street, NE, Suite 200**
**Atlanta, GA 30309**
**Telephone: (404) 920-8040**
**Email: jmason@atlshowbizlaw.com**

*Attorney for Plaintiff Shantell Jarrett*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SHANTELL JARRETT,** | **Case No.:** |
| Plaintiff, | **CIVIL COMPLAINT** |
| vs. | **AND** |
| **AMERICAN CORADIUS INTERNATIONAL, LLC,** | **JURY TRIAL DEMAND** |
| Defendant. | |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Shantell Jarrett, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against American Coradius International, LLC (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, brought by Shantell Jarrett.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Shantell Jarrett, is a natural person, who at all relevant times has resided in the city of Norcross, Gwinnett County, State of Georgia, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, American Coradius International, LLC is incorporated and does business in the State of Georgia, with its corporate mailing address as 2420 Sweet Home Road, Suite 150, Amherst, NY 14228, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. At all times relevant to this litigation, Defendant has engaged in a course of collection activity aimed at recoupment of an alleged debt due and owing. The alleged debt accrued as the result of a student loan ("Subject Debt"). As the loan was acquired for Plaintiff's own personal use, same is a debt as defined by 15 U.S.C § 1692a(5).

7. On or about February 20, 2018, Plaintiff received a telephone call from Defendant. The call was placed in connection with the collection of the Subject Debt. Defendant called Plaintiff at (404) 727-5385, which happens to be Plaintiff's place of business. During this call, Plaintiff advised Defendant that this was her place of business and that she no longer wished to be called there.

8. Defendant seemingly abided by the request until March 12, 2018 when another call was placed. The call was placed in connection with the collection of the Subject Debt. Plaintiff did not pick up the phone and a message was left. A voice to text document of that message is attached hereto marked "**Exhibit A**." As can be seen in Exhibit A, the phone call is clearly from Defendant.

9. Defendant called again on March 13, 2018. The call was placed in connection with the collection of the Subject Debt. Plaintiff did not pick up the phone and a message was left. A voice to text document of that message is attached hereto marked "**Exhibit B.**" The number Defendant called from was (762) 585-7898. As of the date of this filing, this number has been independently verified to belong to the Defendant.

10. Defendant called again on March 14, 2018. The call was placed in connection with the collection of the Subject Debt. Plaintiff did not pick up the phone and a message was left. A voice to text document of that message is attached hereto marked "**Exhibit C**." The number Defendant called from was

(855) 224-5187.  As of the date of this filing, this number has been independently verified to belong to the Defendant.

11.  Defendant called again on March 14, 2018.  The call was placed in connection with the collection of the Subject Debt.  Plaintiff did not pick up the phone and a message was left.  A voice to text document of that message is attached hereto marked "**Exhibit D**."  The number Defendant called from was (716) 418-7179.  As of the date of this filing, this number has been independently verified to belong to the Defendant.

12.  Plaintiff put Defendant on actual, effective notice, that she was not to be called at her work number, yet Defendant ignored that requests and place and additional four (4) phone calls to Plaintiff's place of business, effectively jeopardizing her employment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692c(A)(3)

13.  Plaintiff repeats and realleges the allegation contained in paragraphs (1) through (12) above and incorporates them with the same force and effect as if set forth specifically herein.

14.  On February 20, 2018 Plaintiff received a telephone call from Defendant.  Defendant called Plaintiff at (404) 727-5385, which happens to be Plaintiff's place

of business.  During this call, Plaintiff advised Defendant that this was her place of business and that she no longer wished to be called there.

15. Defendant then proceeded to place an additional four (4) phone calls to Plaintiff's place of business when they were put on actual, effective notice to cease with calls to same.

16. Defendant's failure to cease calls to Plaintiff's place of business is in direct contradiction of  U.S.C. §1692c(A)(3), wherein it is a violation of same to contact a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

17. Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Shantell Jarrett, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

B. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

E. That the Court grant such other and further relief as may be just and proper.

Dated: November 10, 2018

Respectfully Submitted,

s/ Jonathan B. Mason
Jonathan B. Mason, Esq.
Mason Law Group, P.C.
1100 Peachtree Street, NE, Suite 200
Atlanta, GA 30309
Telephone: (404) 920-8040
Email: jmason@atlshowbizlaw.com

*Attorney for Plaintiff Shantell Jarrett*